UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                         Civil Action No. 17-CV-13439

vs.                                                              HON. BERNARD A. FRIEDMAN

TWENTY-TWO THOUSAND
SEVEN HUNDRED EIGHTY DOLLARS
($22,780) IN U.S. CURRENCY,

    Defendant in rem.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE CLAIM AND ANSWER AND FOR ENTRY OF JUDGMENT AND FINAL ORDER OF FORFEITURE

This matter is presently before the Court on plaintiff's "motion to strike claim and answer pursuant to Supplemental Rule G(8) and for entry of judgment and final order of forfeiture" [docket entry 25]. The claimant, Kanius Christopher Hill, has filed a response in opposition, and plaintiff has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a civil forfeiture action. Plaintiff seeks the forfeiture of the defendant currency pursuant to "Title 21, United States Code, Section 881(a)(6) as property furnished, or intended to be furnished, in exchange for a controlled substance . . . and/or as proceeds traceable to such an exchange, and/or as property used or intended to be used to facilitate a violation of Title 21, United States Code, Section 841(a) and/or (b)." Compl. ¶ 10. The currency was seized by agents of the Drug Enforcement Administration from Hill's checked luggage in July 2017 at Detroit Metropolitan Airport.

After the complaint was filed, Hill filed a claim demanding the return of the currency and claiming to be the sole and exclusive owner thereof. In his answer to the complaint, Hill admitted some of the complaint's allegations, denied others, asserted affirmative defenses, and prayed for various relief including return of the money.

In the motion presently before the Court, plaintiff asks, in effect, that the Court grant summary judgment in its favor because Hill has failed to establish Article III and statutory standing. Hill opposes the motion on the grounds that he has sufficiently demonstrated both types of standing and that the disputed facts highlighted by plaintiff should be resolved at trial.

Plaintiff first argues that Hill lacks Article III standing "because he has failed to articulate a colorable ownership, possessory or security interest in the Defendant Currency." Pl.'s Br. at 3. The Court rejects this argument. To establish Article III standing in a forfeiture case, a claimant "must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 348 (6th Cir. 2017). To make this showing, "[a] claimant need not prove the merits of his underlying claim, but he must claim a facially colorable interest in the seized property." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497-98 (6th Cir. 1998) (citation omitted). "[A]n allegation of ownership and some evidence of ownership are together sufficient to establish [Article III] standing to contest a civil forfeiture." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1275 (10th Cir. 2008) (quoting *United States v. U.S. Currency, $81,000, etc.*, 189 F.3d 28, 35 (1st Cir. 1999)). In the present case, Hill has met this standard because he claims under penalty of perjury that he is "the sole and exclusive owner of the defendant currency," Claim of Chris Hill [docket entry 4], and the currency was taken from his checked luggage, which constitutes "some evidence

2

of ownership."

Plaintiff next argues that Hill "lacks statutory standing because he failed to comply with Rule G(6)." Pl.'s Br. at 3. The Court rejects this argument. While it is true that "a claimant [must] comply with Rule G in order to establish statutory standing," *$31,000.00 in U.S. Currency*, 872 F.3d at 349, plaintiff has not shown that Hill has failed to do so in this case. In an attempt to show that Hill has provided "inadequate responses to the Special Interrogatories" in violation of Rule G(6), plaintiff asserts that "[h]e has provided no less than *three* phone numbers for one individual, Kenyell Deberry"; and that "[f]or the only two individuals purportedly located in Michigan, he has provided inaccurate and conflicting addresses and phone numbers." Pl.'s Br. at 4-5 (emphasis in original). Based on these alleged inadequacies, plaintiff would have the Court strike Hill's claim and answer and enter judgment in plaintiff's favor.

The requested relief would be entirely inappropriate, given plaintiff's concession that its "agents spoke with Kenyell Deberry using the third number provided by Claimant," Pl.'s Mot. ¶ 17, and its failure to explain the significance of the "conflicting addresses and phone numbers." The second of the "two individuals purportedly located in Michigan" is Craig Deberry, and plaintiff's concern regarding him appears to be that "2555 Avon Street, Detroit, MI, an address purportedly associated with Craig Deberry, is not an actual address." Smith Aff. ¶ 4. This is the address Hill provided for Craig Deberry in response to plaintiff's Interrogatory No. 5, which asked him to list the names, addresses, and telephone numbers of all persons having information concerning his ownership of the currency. The Court takes judicial notice of the fact that while 2555 Avon Street is not a valid address in Detroit, 2555 Avon Avenue *is* a valid address. Plaintiff has not explained why such a trivial error should result in Hill's claim and answer being stricken and

3

judgment being entered in its favor.

The balance of plaintiff's motion points to "[f]acts supporting that no reasonable fact-finder could conclude that the Defendant Currency was the proceeds of a motorcycle sale." Pl.'s Br. at 7. Here plaintiff directs the Court's attention to Hill's responses to the agents' questions at Detroit Metropolitan Airport, adverse inferences which could be drawn from Hill's failure to answer a certain interrogatory and to produce certain documents, the claimed purchase date of the motorcycle not matching precisely the purchase date on the title, conflicting information in certain of Hill's interrogatory answers, his social media posts "indicating involvement in marijuana trafficking," and plaintiff's belief that Hill and Kenyell Deberry "concocted a story, after the fact, attempting to 'legitimize' drug proceeds." *Id.* at 7-9. All such evidence and argument relates to Hill's credibility and the forfeitability of the currency and will, if properly introduced at trial, be considered by the jury. Such evidence and argument do not, however, relate to the issue of statutory standing. Accordingly,

IT IS ORDERED that plaintiff's motion to strike claim and answer and for entry of judgment and final order of forfeiture is denied.

Dated: July 24, 2018         s/Bernard A. Friedman  
Detroit, Michigan        BERNARD A. FRIEDMAN  
       SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2018.

s/Johnetta M. Curry-Williams  
Case Manager
